UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOHN W. JACKSON and SECOND AMENDMENT FOUNDATION, INC., <br><br>            Plaintiffs, <br><br>      -against- <br><br> GARY KING, in his Official Capacity as Attorney General of the State of New Mexico; and BILL HUBBARD, in his Official Capacity as Director of the Special Investigations Division of the New Mexico Department of Public Safety, <br><br>            Defendants. | Case No. |

## COMPLAINT

Plaintiffs, JOHN W. JACKSON (hereinafter "JACKSON") and SECOND AMENDMENT FOUNDATION, INC. (hereinafter "SAF"), as and for their Complaint against Defendants GARY KING, in his Official Capacity as Attorney General of the State of New Mexico (hereinafter "KING"), and BILL HUBBARD, in his Official Capacity as Director of the Special Investigations Division of the New Mexico Department of Public Safety (hereinafter "HUBBARD"), allege as follows:

### INTRODUCTION

1.     This is an action pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under color of law, which seeks equitable, declaratory, and injunctive relief challenging the State of New Mexico's prohibition on otherwise qualified non-U.S. citizens who legally reside in New Mexico from obtaining a concealed carry permit, pursuant to section NMSA 1978, §29-19-4(A)(1) of the New Mexico Concealed Handgun Carry Act.

2. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008), and is "fully applicable against the States," *McDonald v. City of Chicago*, 561 U.S. ___, 130 S. Ct. 3020, 3026 (2010).

3. However, the laws of New Mexico completely prohibit resident legal aliens from the concealed carry of guns, in public, for the purpose of self-defense.  In New Mexico, only citizens may have the benefit of an armed defense by concealed carry.

4. Plaintiffs seek to establish that the recognition and incorporation of the Second Amendment, and the Fourteenth Amendment's equal protection clause, renders the State's ban on non-citizens obtaining a concealed carry permit, unconstitutional.  As the Plaintiffs only seek to be treated the same as law-abiding citizens, the Second Amendment renders a *ban* such as that challenged in this action, impermissible.

## JUISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983, in that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the Defendants as they execute, administer and enforce the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

6. This Court has personal jurisdiction over each of the Defendants because, *inter alia*, they acted under the color of laws, policies, customs, and/or practices of the State of New Mexico and/or within the geographic confines of the State of New Mexico.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendants execute, administer, and enforce the complained-of laws against Plaintiffs in this District, and because the

events and omissions giving rise to this action are harming Plaintiffs in this District, and the State laws were enacted in the State capital in this District.

## PLAINTIFFS

8. Plaintiff JACKSON is a citizen of Australia residing in Rio Rancho, Sandoval County, New Mexico. JACKSON entered the country on a K3 spousal visa in February, 2007, and obtained a permanent resident status in November, 2008.

9. JACKSON is allowed to carry a firearm openly in New Mexico, except for locations where doing such is illegal, but does not always wish to do so, and he is prohibited by NMSA 1978, §29-19-4(A)(1) from obtaining a concealed carry permit, and thus carrying a handgun in a concealed manner for self-defense.

10. JACKSON would carry a loaded and functional concealed handgun in public for self-defense, but he refrains from doing so because he fears arrest, prosecution, fine, and imprisonment as he understands it is unlawful for a non-citizen to carry a concealed handgun in New Mexico.

11. SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes lawfully admitted aliens residing in New Mexico. SAF has over 650,000 members and supporters nationwide. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right privately to own and possess firearms. SAF brings this action on behalf of itself and its members.

12. Members of SAF who are legal residents yet non-citizens would carry loaded and functional concealed handguns in public for self-defense, but refrain from doing so because they understand it is impossible for a non-citizen to obtain a concealed carry permit, and thus it is

unlawful for a non-citizen to carry a concealed handgun in New Mexico and fear arrest, prosecution, fine, and imprisonment.

## DEFENDANTS

13. Defendant KING is the Attorney General of the State of New Mexico, and, in his official capacity as such, is responsible for executing and administering the state of New Mexico's laws, customs, practices, and policies, including NMSA 1978, §29-19-4(A)(1). In that capacity, KING is presently enforcing the laws, customs, practices and policies complained of in this action, and is sued in his official capacity.

14. Defendant HUBBARD is the Director of the Special Investigations Division of the New Mexico Department of Public Safety. In HUBBARD's official capacity, he is responsible for enforcing certain of New Mexico's laws, customs, practices, and policies, specifically including NMSA 1978, §29-19-4(A)(1) of the New Mexico Concealed Handgun Carry Act. In that capacity, HUBBARD is presently enforcing the laws, customs, practices and policies complained of in this action. Specifically, HUBBARD is the authority charged with processing concealed carry permit applications, and issuing concealed carry permits for handguns, to residents of New Mexico. He is sued in his official capacity.

## CONSTITUTIONAL PROVISIONS

15. The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

16. The Second Amendment "is fully applicable against the States." *McDonald v. City of Chicago*, 561 U.S. ___, 130 S. Ct. 3020, 3026 (2010).

## STATE LAW

17. NMSA 1978, §29-19-4 provides in pertinent part:

    29-19-4. Applicant qualifications.

    A. The [Department of Public Safety] shall issue a concealed handgun license to an applicant who:

    (1) Is a citizen of the United States;

. . .

18. NMSA 1978, §30-7-2 provides in pertinent part:

    A. Unlawful carrying of a deadly weapon consists of carrying a concealed loaded firearm or any other type of deadly weapon anywhere, except in the following cases:

    (1) in the person's residence or on real property belonging to him as owner, lessee, tenant or licensee;

    (2) in a private automobile or other private means of conveyance, for lawful protection of the person's or another's person or property;

    . . .

    (5) by a person in possession of a valid concealed handgun license issued to him by the department of public safety pursuant to the provisions of the Concealed Handgun Carry Act [29-19-1 NMSA 1978].

    B. Nothing in this section shall be construed to prevent the carrying of any unloaded firearm.

    C. Whoever commits unlawful carrying of a deadly weapon is guilty of a petty misdemeanor.

19. NMSA 1978, §30-1-6.C provides that "A crime is a petty misdemeanor if it is so designated by law or if upon conviction thereof a sentence of imprisonment for six months or less is authorized."

### COUNT I – VIOLATION OF EQUAL PROTECTION
### (U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)

20. Paragraphs 1 through 19 are realleged and incorporated herein by reference.

21. The citizenship requirements contained in NMSA 1978, §29-19-4(A)(1) and all other New Mexico statutory language, which restrict lawfully admitted aliens the rights and privileges of carrying concealed firearms based on citizenship, on their face and as applied, are unconstitutional denials of equal protection of the laws and are in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

### COUNT II – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS
### (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

22. Paragraphs 1 through 21 are realleged and incorporated herein by reference.

23. The citizenship requirements contained in NMSA 1978, §29-19-4(A)(1), and all other New Mexico statutory language, which restrict lawfully admitted aliens the rights and privileges of carrying concealed firearms based on citizenship, on their face and as applied, violate the Plaintiffs' individual right to possess a handgun as secured by the Second Amendment to the United States Constitution.

### COUNT III – FEDERAL PREEMPTION

24. Paragraphs 1 through 23 are realleged and incorporated herein by reference.

25. The federal government has, through its enumerated and implied constitutional powers, the exclusive authority over United States immigration policy.

26. NMSA 1978, §29-19-4(A)(1) is an effort by the Defendants to regulate immigration by denying non-citizens their Second and Fourteenth Amendment rights. As such, NMSA 1978, §29-19-4(A)(1) is preempted by federal immigration law, is unconstitutional, and is invalid.

### FOR ALL COUNTS

27. Paragraphs 1 through 26 are realleged and incorporated herein by reference.

28. A controversy exists as to whether the citizenship requirements contained in NMSA 1978, §29-19-4(A)(1) is unconstitutional.

29. A declaration from this Court would settle this issue.

30. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

31. The Plaintiffs seek a declaration that the citizenship requirements contained in NMSA 1978, §29-19-4(A)(1) is unconstitutional.

32. In the absence of an injunction, the citizenship requirements of NMSA 1978, §29-19-4(A)(1) would continue to be enforced and would prevent JACKSON, and SAF's lawfully admitted alien members residing in New Mexico, from (1) successfully obtaining a concealed carry permit and/or (2) legally carrying a handgun in a concealed manner that any otherwise-qualified citizen may possess and carry concealed in public.

33. The Plaintiffs would continue to suffer irreparable injury if the Court does not issue an injunction.

34. There is no adequate remedy at law because only a declaration and injunction, as opposed to monetary damages, would allow JACKSON, and SAF's lawfully admitted alien members the opportunity to obtain a permit to carry a handgun in a concealed manner for self-defense.

WHEREFORE, Plaintiffs pray that this Honorable Court:

1. Issue preliminary and permanent injunctions (a) enjoining Defendant Attorney General GARY KING and Director of the Special Investigations Division of the New Mexico Department of Public Safety BILL HUBBARD from enforcing the United States citizenship requirement of the New Mexico Concealed Handgun Carry Act (NMSA 1978, §29-19-4(A)(1)) against the Plaintiffs and/or their members; and

2. Enter the following:

    (a) A declaratory judgment that NMSA 1978, §29-19-4(A)(1) and all other New Mexico statutory language, which restricts lawfully admitted aliens firearms rights and privileges based on citizenship, are null and void because they (1) violate the equal protection of the laws guaranteed by the Fourteenth Amendment to the United State Constitution; and (ii) infringe on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution; and

    (b) Issue preliminary and permanent injunctions against the Defendants and their political subdivisions, including officers, agents, and employees thereof, from enforcement of NMSA 1978, §29-19-4(A)(1) and all other New Mexico statutory language, which restrict lawfully admitted aliens firearms rights and privileges based on citizenship.

    3.    Award Plaintiffs' attorney's fees and costs pursuant to 42 U.S.C. § 1988.

    4.    Grant such other and further relief, in law and equity, as the Court deems just and proper.

Dated:  April 21, 2012

Respectfully submitted,

SCOTT & KIENZLE, P.A.


By:  Submitted Electronically 4/21/2012
    Paul M. Kienzle, III  (Atty. ID #7592 (NM))
    Local Counsel for Plaintiffs
    P.O. Box 587
    Albuquerque, NM 87103
    505/246-8600; FAX: 505/246-8682
    paul@kienzlelaw.com


LEAD COUNSEL FOR PLAINTIFFS:

David G. Sigale, Esq. (Atty. ID# 6238103 (IL))
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
630/452-4547; FAX:  630/596-4445
dsigale@sigalelaw.com
*Pro hac vice Admission Pending*