UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOHN W. JACKSON and SECOND AMENDMENT FOUNDATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GARY KING, in his Official Capacity as Attorney General of the State of New Mexico; and BILL HUBBARD, in his Official Capacity of as Director of the Special Investigations Division of the New Mexico Department of Public Safety, <br><br> Defendants. | Case No. 1:12-CV-421-WDS-RHS |

## DEFENDANTS GARY KING AND BILL HUBBARD'S ANSWER

Defendants Attorney General King and Director Hubbard (Defendants) file this Answer, through their counsel, Assistant Attorney General P. Cholla Khoury, and would show the court as follows:

## INTRODUCTION[1]

1. Paragraph 1 does not contain any factual allegations such that the Defendants are required to either admit or deny Paragraph 1. To the extent Paragraph 1 contains such factual allegations, the Defendants deny them.

2. Paragraph 2 does not contain any factual allegations such that the Defendants are required to either admit or deny Paragraph 2. To the extent that Paragraph 2 can be

---

[1] For ease of reference, this Answer uses the headings that appear in the Complaint. To the extent those headings contain any factual allegations, the Defendants deny those allegations.

1

interpreted to contain factual allegations, Defendants admit that *District of Columbia v. Heller*, 554 U.S. 570 (2008) states that the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation" and that *McDonald v. City of Chicago*, 561 U.S. ___, 130 S. Ct. 3020 (2010) states that the Second Amendment is "fully applicable against the States". Defendants deny any remaining allegations in Paragraph 2.

3. Defendants admit that legal resident aliens are prohibited from carrying concealed weapons. Defendants admit that only citizens may carry concealed weapons. Defendants deny any other allegations in Paragraph 3.

4. Paragraph 4 does not contain any factual allegations such that the Defendants are required to admit or deny. To the extent that Paragraph 4 can be interpreted to contain factual allegations, Defendants deny such allegations.

### JURISDICTION AND VENUE

5. Defendants admit this Court has jurisdiction over this case. To the extent that Paragraph 5 contains any other factual allegations, Defendants deny such allegations.

6. Defendants admit the factual allegations contained in Paragraph 6.

7. Defendants admit the factual allegations contained in Paragraph 7.

### PLAINTIFFS

8. Defendants lack sufficient information to either admit or deny the factual allegations of Paragraph 8.

9. Defendants admit the factual allegations contained in Paragraph 9 except Defendants lack sufficient information to either admit or deny whether Plaintiff chooses to carry a weapon openly.

10. Defendants lack sufficient information to either admit or deny the factual allegations contained in Paragraph 10.

11. Defendants lack sufficient information to either admit or deny the factual allegations contained in Paragraph 11.

12. Defendants lack sufficient information to either admit or deny the factual allegations contained in Paragraph 12.

## DEFENDANTS

13. Defendants admit the factual allegations contained in Paragraph 13.

14. Defendants admit the factual allegations contained in Paragraph 14.

## CONSTITUTIONAL PROVISIONS

15. Paragraph 15 does not contain any factual allegations such that the Defendants are required to admit or deny. To the extent that Paragraph 15 can be interpreted to contain factual allegations, Defendants admit Paragraph 15 properly quotes the Second Amendment, Defendants deny any remaining allegations.

**16.** Paragraph 16 does not contain any factual allegations such that the Defendants are required to either admit or deny Paragraph 16.

## STATE LAW

17. Paragraph 17 does not contain any factual allegations such that the Defendants are required to either admit or deny Paragraph 17. To the extent Paragraph 17 contains such factual allegations, the Defendants deny them.

18. Paragraph 18 does not contain any factual allegations such that the Defendants are required to either admit or deny Paragraph 18. To the extent Paragraph 18 contains such factual allegations, the Defendants deny them.

19. Paragraph 19 does not contain any factual allegations such that the Defendants are required to either admit or deny Paragraph 19. To the extent Paragraph 19 contains such factual allegations, the Defendants deny them.

### COUNT I- VIOLATION OF EQUAL PROTECTION
### (U.S. CONST. AMEND XIV; 42 U.S.C. §§ 1981(a), 1983)

20. Paragraph 20 does not contain any factual allegations such that the Defendants are required to either admit or deny Paragraph 20. To the extent Paragraph 20 contains such factual allegations, the Defendants deny them.

21. Defendants deny the factual allegations contained in Paragraph 21.

### COUNT II- VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS
### (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

22. Paragraph 22 does not contain any factual allegations such that the Defendants are required to either admit or deny Paragraph 22. To the extent Paragraph 22 contains such factual allegations, the Defendants deny them.

23. The Defendants deny the factual allegations contained in Paragraph 23.

### COUNT III- FEDERAL PREEMPTION

24. Paragraph 24 does not contain any factual allegations such that the Defendants are required to either admit or deny Paragraph 24. To the extent Paragraph 24 contains such factual allegations, the Defendants deny them.

25. Defendants are not required to admit or deny Paragraph 25 of the Complaint because it contains a legal conclusion. To the extent Paragraph 25 can be interpreted to contain factual allegations, Defendant denies Paragraph 25.

26. Defendants deny the factual allegations contained in Paragraph 26.

## FOR ALL COUNTS

27. Paragraph 27 does not contain any factual allegations such that the Defendants are required to either admit or deny Paragraph 27. To the extent Paragraph 27 contains such factual allegations, the Defendants deny them.

28. Defendants are not required to admit or deny Paragraph 28 of the Complaint because it contains a legal conclusion. To the extent Paragraph 28 can be interpreted to contain factual allegations, Defendants deny Paragraph 28.

29. Defendants are not required to admit or deny Paragraph 29 of the Complaint because it contains a legal conclusion. To the extent Paragraph 29 can be interpreted to contain factual allegations, Defendants deny Paragraph 29.

30. Defendants are not required to admit or deny Paragraph 30 of the Complaint because it contains a legal conclusion. To the extent Paragraph 30 can be interpreted to contain factual allegations, Defendants deny Paragraph 30.

31. Defendants lack sufficient information to either admit or deny the factual allegations contained in Paragraph 31.

32. Defendants are not required to admit or deny Paragraph 332 of the Complaint because it contains a legal conclusion. To the extent Paragraph 32 can be interpreted to contain factual allegations, Defendants deny Paragraph 32.

33. Defendants deny the factual allegations contained in Paragraph 33.

34. Defendants are not required to admit or deny Paragraph 34 of the Complaint because it contains a legal conclusion. To the extent Paragraph 34 can be interpreted to contain factual allegations, Defendant denies Paragraph 34.

Based on the foregoing, Defendants request: (1) that the Court dismiss Plaintiffs' Complaint in its entirety; (2) that the Court order each party to pay its own costs; and (2) any further relief to which Defendants may be justly entitled.

Respectfully Submitted,

*/s/ P. Cholla Khoury*

P. Cholla Khoury
Assistant Attorney General
New Mexico Attorney General's Office
408 Galisteo St
Santa Fe, NM 87501
(505)827-6088
(505)827-6036 (Facsimile)
ckhoury@nmag.gov

## CERTIFICATE OF SERVICE

I hereby certify that service of a true and correct copy of this Defendants Gary King and Bill Hubbards Answer was attempted to the following on May 17, 2012 via First Class Mail and electronic service:

Paul M. Kienzle III
Scott & Kiensle, P.A.
P.O. Box 587
Albuquerque, NM 87103-0587
paul@kienslelaw.com

_____
P. Cholla Khoury