UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOHN W. JACKSON and SECOND )<br>AMENDMENT FOUNDATION, INC., )<br>                                                            )<br>            Plaintiffs,                         )<br>                                                            )<br>v.                                                        )<br>                                                            )<br>GARY KING, in his Official Capacity )<br>as Attorney General of the State of     )<br>New Mexico; and BILL HUBBARD,    )<br>in his Official Capacity of as Director  )<br>of the Special Investigations Division  )<br>of the New Mexico Department of      )<br>Public Safety,                                   )<br>                                                            )<br>            Defendants. | Case No. 1:12-CV-421-WDS-RHS |

**DEFENDANT GARY KING'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND FOR LACK OF STANDING**

Plaintiffs seek relief from a party, the Attorney General, who cannot provide the requested relief and against whom they do not have standing. Accordingly, the Attorney General files this Motion to Dismiss.

**I.     STATEMENT OF THE CASE**

On April 21, 2012 Plaintiffs John Jackson and Second Amendment Foundation[1] filed suit against Defendants Attorney General Gary King and Director of Special Investigations Division of the New Mexico Department of Public Safety, Bill Hubbard.

---
[1] For purposes of clarity, Plaintiff Jackson and members of Plaintiff SAF will here-forward be referred to collectively as "Plaintiffs".

1

In their complaint Plaintiffs allege New Mexico Statutes 1978 section 29-19-4 violates the 2nd and 14th Amendments of the U.S. Constitution. They also allege that the statute is preempted by federal law. Plaintiffs claim that the Attorney General is responsible for and currently is executing and administering the laws of the state of New Mexico, including the law at issue. Plaintiffs mistake the role of the Attorney General. There is no relief available to Plaintiffs from the Attorney General. As such they have failed to state a claim as to the Attorney General upon which relief can be granted and have also failed to meet the minimum requirements of standing.

## ARGUMENT

Generally, a motion to dismiss on the grounds that a petition does not state a claim on which relief can be granted admits all facts well pleaded, and the legal question presented thereby is governed by the facts as pleaded. *Galbreath v. Metropolitan Trust Co.*, 134 F.2d 569, 570 (10th Cir. Colo. 1943) (*citing Eberle v. Sinclair Prairie Oil Company*, D.C., 35 F.Supp. 296, *Leimer v. State Mutual Life Assurance Company*, 8 Cir., 108 F.2d 302, 305; *Gallup v. Caldwell*, 3 Cir., 120 F.2d 90;*Cohen v. United States*, 8 Cir., 129 F.2d 733; *Continental Collieries, Inc., v. Shober*, 3 Cir., 130 F.2d 631; *Polk Company v. Glover*, 305 U.S. 5, 9, 59 S.Ct. 15, 83 L.Ed. 6.) Additionally, in order to have standing to sue, Plaintiffs must allege an injury in fact, that the injury is traceable to complained of conduct of the defendant, and that the requested relief will redress the alleged injury. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102, 118 S. Ct. 1003, 1016 (U.S. 1998) (Internal citations omitted).

Plaintiffs fail to sufficiently plead the traceability element of standing. Plaintiffs assert broadly that as the Attorney General Defendant King is "responsible for executing and administering the State of New Mexico's laws, customs, practices, and policies, including NMSA 1978 § 29-19-4(A)"[2]. (*Complaint* at para. 13). However, reviewing the entirety of the Concealed Handgun Carry Act (NMSA 1978 §§29-19-1 through 29-19-14) reveals no indication that the Attorney General has the responsibility to execute and administer it, as Plaintiffs assert. There is no statutory provision supporting Plaintiffs' assertion either. For example, nowhere in NMSA 1978, §8-5-1 (2010) et seq., the provisions describing the Attorney General's powers and duties, gives the Attorney General authority over or responsibility for the Department of Public Safety or the Special Investigations Division thereof. Nor does anything in the New Mexico Constitution give the Attorney General the broad responsibilities which Plaintiffs attribute to him. Plaintiffs have failed to allege action by or on behalf of the Attorney General which is traceable to the alleged injury. As Attorney General, Defendant King has no hand in the issuance or denial of concealed weapons permits.

Plaintiffs' complaint against Defendant King also fails as a matter of law for the independent reason that there is no relief available to Plaintiffs from Defendant King. Because the Attorney General is in no way responsible for administering New Mexico's concealed carry scheme, the Attorney General cannot redress the alleged injuries suffered by Plaintiffs. Without available relief from the Attorney General, not only do Plaintiffs lack standing as to the Attorney General, they also fail to state a claim upon which relief

---

[2] This is not an allegation of fact, but of law. The Court thus need not treat it as "true" for the purposes of this matter.

3

can be granted. Taking, as the Court must for the purposes of this motion, all the allegations in the Complaint as true, Plaintiffs still fail to state a claim upon which Defendant Gary King can grant relief.

The Attorney General neither approves nor denies applications for the concealed carry of a firearm. The Attorney General does not direct the Special Investigations Division of the Department of Public Safety. The Attorney General has no input into the issuance of concealed carry permits. An injunction against the Attorney General would have no effect on securing Plaintiffs' alleged rights. A declaratory judgment to the effect that NMSA 1978 §29-19-4(A)(1) is unconstitutional would not alter, in any way, the role of the Attorney General. There is no action of the Attorney General to be compelled or halted. The Attorney General cannot grant the remedy sought—the ability of permanent resident aliens to carry a concealed firearm.

**WHEREFORE,** Defendant Gary King, Attorney General, respectfully requests this Court dismiss the Complaint with prejudice as to the Attorney General for lack of standing and failure to state a claim upon which relief can be granted.

Respectfully Submitted,

 /s/ P. Cholla Khoury
P. Cholla Khoury
Assistant Attorney General
New Mexico Attorney General's Office
408 Galisteo St
Santa Fe, NM 87501
(505)827-6088
(505)827-6036 (Facsimile)
ckhoury@nmag.gov

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing on Plaintiffs' counsel of record via email on January 4, 2013.

                                                /s/ P. Cholla Khoury_____
                                                P. Cholla Khoury