UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOHN W. JACKSON and SECOND AMENDMENT FOUNDATION, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| | ) Case No. 1:12-CV-421-WDS-RHS |
| v. | ) ) |
| GARY KING, in his Official Capacity as Attorney General of the State of New Mexico; and BILL HUBBARD, in his Official Capacity of as Director of the Special Investigations Division of the New Mexico Department of Public Safety, | ) ) ) ) ) ) ) |
| Defendants. | |

### DEFENDANTS HUBBARD AND KING'S SUPPLEMENTAL BRIEF ON THE SEVERABILITY OF NMSA 1978 §29-19-4-(A)(1)

On December 18, 2012 the Court requested further briefing from the Parties about the severability of the citizenship requirement (NMSA 1978, §29-19-4(A)(1)) from the Concealed Handgun Carry Act (NMSA 1978, §29-19-1 *et seq*.) (the Act).  Based on the fact that the Act's force and effect are not impaired, that the legislative purpose can be given force and effect and that the legislature would have passed the Act even without the citizenship requirement, that requirement is severable from the remainder of the Act if it is found to be unconstitutional.

Severability is determined by state law. *See Leavitt v. Jane*, 518 U.S. 137, 139; 116 S. Ct. 2068, 2069 (1996).  Under New Mexico law, part of a law may be declared invalid while the remainder stays intact when three elements are met: 1)if the remainder of the law could retain its

force and effect without the invalid portion; 2) if the legislative purpose as expressed in the valid portion can be given force and effect; and 3) if the legislature would have passed the remaining part if it had known that the citizenship requirement was invalid. *Bradbury & Stamm Construction Co., Inc v. Bureau of Revenue*, 372 P.2d 808, 811 (N.M. 1962).  Also, *Bradbury & Stamm* tells us that "every presumption is to be indulged in favor of the validity and regularity of the legislative act". *Id*. (citing *State v. Armstrong*, 243 P. 333 (N.M. 1924).

The remained of the Act would retain its force and effect if the citizenship requirement was severed.  The Act still would have the force of permitting concealed carry to qualified individuals, even if one of those qualifications is found to be invalid.  The Act is not dependent on the citizenship requirement, nor is the Act so intertwined with the citizenship requirement that without it, the Act would fail to make sense.  Otherwise qualified persons would still need to submit to the requirements of the Act, and if they met those requirements, they would be permitted to conceal a firearm.  To declare the whole act valid because of the citizenship requirement is inappropriate because the requirement is not central to the Act.  The answer to the first prong of the test for severability is yes-- the remainder of the Act would retain its force and effect even without the citizenship requirement.

For much the same reasons, the legislative purpose of the Act would remain in force and effect even without the citizenship requirement. Looking specifically at NMSA 1978, §29-19-4(A), the legislature obviously conditioned each one of these eligibility requirements separately. Any one of the requirements is not dependent on any of the others.  As such, each separate requirement is severable.  The legislator intended for there to be concealed carry in New Mexico. The purpose of the legislature when creating the act was to allow for exceptions to an otherwise

complete ban on the concealed carry of a firearm.  In this creating the exceptions, the legislature outlined requirements which it felt were necessary to the eligibility of possessing a firearm.

Lastly, it is clear that the legislature would have passed the remainder of the Act even if they would have known that the citizenship requirement would be invalid.  The Act is not an attempt to limit immigration, immigrants or immigrant rights.  It is an act directed at the historical state prerogative to regulate concealed carry.  The fact that the ability to obtain a permit is not predicated simply on one's citizenship is evidence that the legislature would have still passed the Act.  There is nothing else anywhere in the Act to lead this Court to believe the citizenship requirement is fatal to the Act itself.  It is merely one of the requirements the legislature put upon the issuance of a concealed weapons permit.  Even without the citizenship requirement there are other limiting factors, none of which are related or dependent upon the citizenship requirement.  As such, it is clear that, if the legislature knew the citizenship requirement may be invalid, the rest of the Act would still have been adopted.

The Act meets all three standards for validity, even if the citizenship requirement is found to be invalid.  There is nothing to rebut the presumption that the remainder of the Act is not valid.  Plaintiffs have clearly raised no issue with the remainder of the Act and the Act does not depend upon one's citizenship for force or effect.   The citizenship requirement is severable, leaving the remaining Act fully effective and valid.

Respectfully Submitted,
**GARY K. KING**
**NEW MEXICO ATTORNEY GENERAL**

 /s/ P. Cholla Khoury
P. Cholla Khoury
Assistant Attorney General
New Mexico Attorney General's Office
408 Galisteo St
Santa Fe, NM 87501
(505)827-6088
(505)827-6036 (Facsimile)
ckhoury@nmag.gov

*Attorney for Defendants*
*Bill Hubbard and Gary King*

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing on Plaintiffs' counsel of record via email on January 4, 2013.

/s/ P. Cholla Khoury
P. Cholla Khoury

4