UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOHN W. JACKSON and SECOND AMENDMENT FOUNDATION, INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| -against- | ) ) |
| GARY KING, in his Official Capacity as Attorney General of the State of New Mexico; and BILL HUBBARD, in his Official Capacity as Director of the Special Investigations Division of the New Mexico Department of Public Safety, | ) Case No. 1:12-CV-421 ) ) ) ) ) ) |
| Defendants. | ) |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

NOW COME the Plaintiffs, JOHN W. JACKSON and SECOND AMENDMENT FOUNDATION, INC., by and through undersigned counsel, and for their Supplemental Memorandum in Support of their Motion for Preliminary Injunction, states as follows:

*PRELIMINARY STATEMENT*

New Mexico Statute NMSA § 29-19-4.A(1) can be severed from the remainder of NMSA § 29-19-4.A, such that the striking down of the unconstitutional subsection (1), which denies otherwise-qualified legal aliens the ability to register concealable firearms for public carrying, would leave the remainder of the statute in place.

Plaintiffs note that they agree with the arguments and reasoning of the Defendants on this issue, as stated in their Supplemental Brief filed on the same date as this Memorandum.

*ARGUMENT*

**Standard of Analysis**

"It is well established in this jurisdiction that a part of a law may be invalid and the remainder valid, where the invalid part may be separated from the other portions, without impairing the force and effect of the remaining parts, and if the legislative purpose as expressed in the valid portion can be given force and effect, without the invalid part, and, when considering the entire act it cannot be said that the legislature would not have passed the remaining part if it had known that the objectionable part was invalid." *Bradbury & Stamm Construction Company v. Bureau of Revenue*, 70 N.M. 226, 230-231 (1962).

**The remainder of the Concealed Handgun Carry Act is severable from the unconstitutional citizenship requirement.**

In *Bradbury & Stamm*, the plaintiffs challenged the constitutionality of a statute exempting certain sales transactions to the United States, the State, and certain non-profit organizations from payment of an emergency school tax. A portion of the statute was held unconstitutional, and the issue was the severability of the remainder of the statute. *Id.* at 230. The plaintiffs sought to have the whole statute struck down, but the New Mexico Supreme Court affirmed the severability of the statute's remainder. The Court noted: "[i]n approaching the question of the constitutionality of a statute, we do so bearing in mind that every presumption is to be indulged in favor of the validity and regularity of the legislative act." *Id.* at 231.

The *Bradbury & Stamm* Court upheld the rest of the tax exemption statute, holding:

". . . the deletion of subsection D in no way affects the enforceability of the other portions of the statute. They are clear, certain and unambiguous, and we cannot say that the exemptions provided by subsection D are so connected either in subject or purpose with the other portions of section 1, Chap. 195, Laws 1961, that the legislature would not have enacted the remainder of

2

the section if it had known subsection D was invalid." *Id.* at 234.  The same logic applies to this case when the factors are analyzed.

<u>The unconstitutional citizenship requirement may be separated from the remainder of the Act without impairing the force and effect of the remaining parts.</u>

There is nothing about NMSA § 29-19-4.A(1) that, if it were struck down as discriminatory against lawful resident aliens, would invalidate or even weaken any other provision of the Act.  The State would still be able to make sure persons have the requisite training, are not criminals or mentally ill, and reside in the State.  The application process, fees and safeguards all would remain in place as before.  Therefore, the first factor heavily weighs in favor of severability.

<u>The legislative purpose as expressed in the remainder of the Act can be given force and effect.</u>

"In New Mexico, legislative intent must be determined primarily by the legislation itself."  *Baca v. New Mexico Department of Public Safety*, 132 N.M. 282, 286 (2002) (quoting *United States Brewers Association v. Director of New Mexico Department of Alcoholic Beverage Control*, 100 N.M. 216, 219 (1983)).  From reviewing the fourteen sections of the Act, especially the requirements and disqualifications of NMSA § 29-19-4 as a whole, the purpose of the concealed carry statute is to preserve the right of public armed self-defense in a concealed manner, while making sure the right is exercised only by those who are (1.) residents of New Mexico, (2.) properly trained, and (3.) not disqualified due to various means of illegal activity or mental illness.  *See also New Mexico Voices for Children v. Denko*, 135 N.M. 439, 440 (2004) ("The Concealed Handgun Carry Act authorizes the New Mexico Department of Public Safety to issue concealed handgun licenses to qualified members of the public who satisfy the requisite education and training.").

Striking down the citizenship requirement as unconstitutional does not affect the legislative purpose at all.  In fact, since illegal immigrants are prohibited from obtaining a firearm under 18 U.S.C. § 922(g)(5), those persons would likewise be unable to obtain a concealed carry license under NMSA § 29-19-4.A(7) (only allowing permits to those persons who are ". . . not otherwise prohibited by federal law or the law of any other jurisdiction from purchasing or possessing a firearm;").

Therefore, declaring NMSA 29-19-4.A(1) unconstitutional as to Plaintiffs still allows the State to make sure only law-abiding and qualified State residents obtain a concealed carry permit.  All the legislative purposes would remain intact.

<u>The legislature would have passed the remainder of the Act had it known the citizenship requirement was unconstitutional and invalid.</u>

Because there is nothing in the Act that suggests its purpose was entirely, or even in large part, to restrict access to lawful resident aliens, it cannot be said that the Legislature would have declined to pass the Act had it been known that a small group of constitutionally-protected persons would be allowed to participate.  This is further evidenced by the previously-noted fact that lawful resident aliens are allowed to carry openly in New Mexico like every other law-abiding New Mexico resident.

In contrast, in *Baca* a portion of an earlier version of the Concealed Handgun Carry Act was struck down for unconstitutionality, and the rest of the Act was taken down along with it.  This was because the earlier version allowed counties and municipalities to opt out of allowing concealed carry within their jurisdictions, which violated N.M. Const. art. II, § 6.  That provision forbids municipalities and counties from regulating "in any way, an incident of the right to keep and bear arms." *Baca*, 132 N.M. at 284.  The *Baca* Court held that the legislature would not

have passed the Act had it known its "optional" concealed carry scheme would be turned into a "mandatory" scheme. *Id.* at 286.

The comparison between the events described in *Baca*, and the situation in this case, is night and day. Unlike the "opt-out" provision in the old version of the Act, the unconstitutional citizenship requirement can be removed from the current version of the Act without impairing the effect or meaning of any of the other provisions, and the legislative intent of regulating concealed carry to law-abiding qualified residents is not at all impacted by striking the citizenship requirement.

**Severability Clause**

The Concealed Handgun Carry Act also seems to contain a severability clause. The 2003 Legislative Session enacted Ch. 255 (SB 23) which included a severability clause as NMSA § 29-19-15, which states: "SEVERABILITY.--If any part or application of the Concealed Handgun Carry Act is held invalid, the remainder or its application to other situations or persons shall not be affected." The severability clause is currently included as a "compiler's note" (*See* Westlaw entry for NMSA § 29-19-13, attached hereto as Exhibit "A"). The 2005 Legislative Session enacted Ch. 242 (HB 641) which did not address severability, but made revisions and added 29-19-14 regarding concealed carry for retired law enforcement personnel. The severability clause was not repealed in that Session.

"The presence or absence of a severability clause merely provides one rule of construction which may be considered and may sometimes aid in determining legislative intent, 'but it is an aid merely; not an inexorable command.'" *Bradbury & Stamm*, 70 N.M. at 231 (citing *Dorchy v. Kansas*, 264 U.S. 286, 290; *Hill v. Wallace*, 259 U.S. 44, 71; *Safeway Stores, Inc. v. Vigil*, 40 N.M. 190). However, that it was included at the time that the unconstitutional

NMSA § 29-19-4.A(1) was written gives a clue that the Legislature intended the remainder to be severable.

## CONCLUSION

The citizenship requirement of NMSA § 29-19-4.A(1) discriminates against lawful resident aliens by denying them Second Amendment rights, and their Fourteenth Amendment rights of equal protection of the law. Because the standard for severing this subsection from the remainder of the Concealed Handgun Carry Act has been met, the rest of the statute can stay intact, while the challenged, offending, subsection can be stricken. Plaintiffs therefore respectfully request that their Motion for a Preliminary Injunction be granted.

Should the Court decide, however, that the challenged subsection is both (1.) an unconstitutional discrimination against lawful resident aliens, **and** (2.) unable to be severed from the remainder of the Act, Plaintiffs request the Court deny the injunction, as Plaintiffs are expressly not asking the Court to strike down the entire Act.

Dated: January 4, 2013

David G. Sigale, Esq. (#6238103 (IL))
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com
Admitted *pro hac vice*

Respectfully submitted,

Paul M. Kienzle, III., Esq. (#7592 (NM))
SCOTT & KIENZLE, P.A.
P.O. Box 587
Albuquerque, NM 87103
(505) 246-8600
paul@kienzlelaw.com

By: _____/s/ David G. Sigale_____
　　　　　David G. Sigale

Attorneys for Plaintiffs

**CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

    1.    On January 4, 2013, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

    2.    Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.


       /s/ David G. Sigale
    One of the Attorneys for Plaintiffs