UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOHN W. JACKSON and SECOND AMENDMENT FOUNDATION, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| -against- | ) ) |
| GARY KING, in his Official Capacity as Attorney General of the State of New Mexico; and BILL HUBBARD, in his Official Capacity as Director of the Special Investigations Division of the New Mexico Department of Public Safety, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 1:12-CV-421-MCA-RHS

**PLAINTIFFS' RESPONSE TO DEFENDANT GARY KING'S MOTION TO DISMISS**

The Plaintiffs, JOHN W. JACKSON and SECOND AMENDMENT FOUNDATION, INC., by and through undersigned counsel, and for their Response to Defendant GARY KING's Motion to Dismiss, asserts as follows:

The Attorney General is the chief law enforcement officer[1], attorney and prosecutor[2] in the State. NMSA § 8-5-2.B requires the Attorney General to " . . . prosecute and defend in any other court or tribunal all actions and proceedings, civil or criminal, in which the state may be a party or interested when, in his judgment, the interest of the state requires such action or when

---

[1] Evidenced by NMSA § 29-7-3, which names KING as the chairman of the board of the New Mexico law enforcement academy, which develops programs for law enforcement training and qualifications for police trainers. NMSA § 29-7-4.B, C. The Board also may "issue, grant, deny, renew, suspend or revoke a: (1) peace officer's certification for any cause set forth in the provisions of the Law Enforcement Training Act. NMSA § 29-7-4.G.

[2] NMSA § 29-1-1- states that "It is hereby declared to be the duty of every sheriff, deputy sheriff, constable and every other peace officer . . . to cooperate with and assist the attorney general, district attorney or other prosecutor, if any, in all reasonable ways."

requested to do so by the governor." Defendant King does not assert the State is not interested in this litigation; in fact, the Defendants' defense makes quite clear the State is claiming such an interest. Presumably, this interest in enforcing NMSA § 29-19-4(A)(1), and its ultimate interest in prosecuting violators, would be manifested through the Office's Special Investigations Unit of its Investigations Division, or its Prosecutions Division.

This comports with Defendant KING's website, where the Office states its Litigation Division, in relevant part: " . . . prosecutes civil matters on behalf of state entities, and defends state entities in civil matters in the U.S. District Courts and the State Courts." http://www.nmag.gov/the_office/litigation.

KING admitted this in his Answer to the Plaintiffs' Complaint. Paragraph 13 of the Complaint alleges as follows:

"13.   Defendant KING is the Attorney General of the State of New Mexico, and, in his official capacity as such, is responsible for executing and administering the state of New Mexico's laws, customs, practices, and policies, including NMSA 1978, §29-19-4(A)(1). In that capacity, KING is presently enforcing the laws, customs, practices and policies complained of in this action, and is sued in his official capacity."

KING's Answer states:

"13.   Defendants admit the factual allegations contained in Paragraph 13."
(*See* par. 13 of Plaintiffs' Complaint (Docket #1); *See also* par. 13 of Defendants' Answer (Docket #10)).

KING also has, to date, vigorously participated in the case by responding to Plaintiffs' pending Motion for a Preliminary Injunction. He further has made his interest in one of the main issues of this case clear when he joined in the *amicus* brief in support of Plaintiff SAF in the

pending Fourth Circuit case of *Woollard v. Sheridan*, 12-1437 (filed August 6, 2012). A copy of this *amicus* brief was submitted to the Court in support of Plaintiff's Motion for Preliminary Injunction. It is disingenuous for KING at this point to say he should not be in the case and this does not involve him.

Therefore, as the State's chief law enforcement officer and prosecutor, KING is properly a part of this case. However, should the Defendants stipulate (and the Court so find) that the Plaintiffs may obtain full relief in this matter by proceeding solely against Defendant HUBBARD, Plaintiffs will abide by that stipulation and finding.

WHEREFORE, the Plaintiffs, JOHN W. JACKSON and SECOND AMENDMENT FOUNDATION, INC., respectfully request this honorable Court to deny Defendant KING's Motion in its entirety.

| | |
|---|---|
| Dated: February 8, 2013 | Respectfully submitted, |
| David G. Sigale, Esq. (#6238103 (IL)) | Paul M. Kienzle, III., Esq. (#7592 (NM)) |
| LAW FIRM OF DAVID G. SIGALE, P.C. | SCOTT & KIENZLE, P.A. |
| 739 Roosevelt Road, Suite 304 | P.O. Box 587 |
| Glen Ellyn, IL 60137 | Albuquerque, NM 87103 |
| 630.452.4547 | (505) 246-8600 |
| dsigale@sigalelaw.com | paul@kienzlelaw.com |
| Admitted *pro hac vice* | |
| | By:     /s/ David G. Sigale     |
| | David G. Sigale |
| | One of the Attorneys for Plaintiffs |

## CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING

The undersigned certifies that:

    1.    On February 8, 2013, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

    2.    Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.


                    /s/ David G. Sigale
                    One of the Attorneys for Plaintiffs