IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


JOHN W. JACKSON and SECOND
AMENDMENT FOUNDATION,
INC.,

      Plaintiffs,

      vs.                              No. 2:12-CV-00421-MCA-RHS

**GARY KING,** *in his Official Capacity as Attorney General of the State of New Mexico*, **and BILL HUBBARD,** *in his Official Capacity as Director of the Special Investigations Division of the New Mexico Department of Public Safety,*

      Defendants.


### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendant Gary King's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and For Lack of Standing*. [Doc. 28]  Having considered the submissions, the relevant case law, and otherwise being fully advised in the premises, the Court grants Defendant King's motion.

**I.**    **BACKGROUND**

On April 21, 2012, Plaintiffs John W. Jackson and the Second Amendment Foundation filed their *Complaint* against Defendants Gary King, Attorney General of the State of New Mexico, and Bill Hubbard, Director of the Special Investigations Division

of the New Mexico Department of Public Safety.  Plaintiffs *Complaint* was filed "pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under color of law, [seeking] equitable, declaratory, and injunctive relief challenging the State of New Mexico's prohibition on otherwise qualified non-U.S. citizens who legally reside in New Mexico from obtaining a concealed carry permit, pursuant to section NMSA 1978, § 29-19-4(A)(1) of the New Mexico Concealed Handgun Carry Act." [Doc. 1 at 1] Specifically, Plaintiffs allege that the citizenship requirement in Section 29-19-4(A)(1) violates the equal protection clause of the United States Constitution, the right to keep and bear firearms in the Second Amendment to the United States Constitution, and is preempted by federal immigration law. [Doc. 1 at 6-7]

On January 4, 2013, Defendant King moved to dismiss Plaintiffs' *Complaint* for failure to state a claim upon which relief can be granted and for lack of standing. [Doc. 28] Defendant King alleges that he is not responsible for the execution and administration of the Concealed Handgun Carry Act, NMSA 1978, § 29-19-1, *et seq.* and, therefore, Plaintiffs injuries are not traceable to Defendant King, nor redressable by him.  Plaintiffs respond that Defendant King is a proper party pursuant to NMSA 1978, § 8-5-2(B) and that Defendant King admitted in his answer to the complaint that he was responsible for the execution and administration of the Concealed Handgun Carry Act. [Doc. 34]

## II.    STANDARD

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  The sufficiency of a complaint is a

question of law, and when considering and addressing a motion to dismiss pursuant to rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.  See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006).  Further, in order to withstand a rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted).  If a plaintiff cannot nudge the claims "across the line from conceivable to plausible," the complaint must be dismissed.  Id. at 680.

     Furthermore, under Fed. R. Civ. P. 12(b)(1) a court may dismiss a complaint for lack of subject-matter jurisdiction.  Generally, Rule 12(b)(1) motions to dismiss for lack of jurisdiction will come in the form of (1) a facial attack, in which case the movant merely challenges the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true, or (2) a factual attack, where the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends.  Paper, Allied-Industrial, Chemical And Energy Workers Intern. Union v. Continental Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005).  Defendant King has not supported his motion to dismiss with affidavits or other evidence

and, therefore, the Court construes his motion as a facial attack. In a facial attack, the Court reviews the allegations in the Complaint under the same standards as a 12(b)(6) motion. See Muscogee (Creek) Nation v. Okla. Tax. Comm'n, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

## III.  DISCUSSION

"The doctrine of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Southern Utah Wilderness Alliance v. Palma, --- F.3d ----, 2013 WL 71780, at * 7 (10th Cir. Jan. 8, 2013) (internal quotation marks and citation omitted).

> To satisfy constitutional standing requirements, a plaintiff must demonstrate the presence of three elements: (1) injury in fact-meaning the invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct-meaning that the injury can fairly be traced to the action of the defendant; and (3) a likelihood that the injury will be redressed by a favorable decision-meaning that the prospect of obtaining relief from ... a favorable ruling is not too speculative.

Rector v. City and County of Denver, 348 F.3d 935, 942 (10th Cir. 2003) (citation omitted). "The element of traceability requires the plaintiff to show that the defendant is responsible for the injury, rather than some other party not before the court. Finally, the requirement of redressability ensures that the injury can likely be ameliorated by a favorable decision." S. Utah Wilderness Alliance v. Office of Surface Mining Reclamation and Enforcement, 620 F.3d 1227, 1233 (10th Cir. 2010) (citations omitted).

The Department of Public Safety, not the Attorney General, is responsible for the

4

administration and execution of the Concealed Handgun Carry Act, NMSA 1978, § 29-19-1, *et seq*.  However, Plaintiffs argue their injury nonetheless is traceable to Defendant King and redressable by him pursuant to Section 8-5-2(B).  The Court disagrees.

Section 8-5-2(B) provides that the attorney general shall "prosecute and defend in any other court or tribunal all actions and proceedings, civil or criminal, in which the state may be a party or interested when, in his judgment the interest of the state requires such action or when requested to do so by the governor."  This provision confers on the attorney general the discretion to determine whether, in his judgment, the interest of the state requires him to defend a civil action in federal court.  Cf. State ex rel. Bingaman v. Valley Savings & Loan Assoc., 636 P.2d 279, 281 (N.M. 1981) ("The language of the statute grants the attorney general discretion in determining when the public interest requires him to bring a civil action on behalf of the state.").  The state of New Mexico is not a party to this case and although the state might be interested in the outcome, nothing in Section 8-5-2(B) requires Defendant King to defend this action on behalf of the state.

Moreover, pursuant to Section 8-5-2, "the attorney general is . . . cast in the role of attorney for the State of New Mexico, and . . . . the latter is the proper party litigant rather than the former."  State ex rel. Norvell v. Credit Bureau of Albuquerque, Inc., 514 P.2d 40, 43 (N.M. 1973).  However, Plaintiffs' *Complaint* names Defendant King as a party-defendant, rather than the state of New Mexico.  Because the state is the "proper party litigant," id., and because it is within Defendant King's discretion to refuse to defend this action on behalf of the state, the Court hereby grants Defendant King's motion to dismiss.

Plaintiffs argue in the alternative that Defendant King is a proper party litigant because he admitted in his answer to the complaint that he "is responsible for executing and administering the State of New Mexico's laws, customs, and practices, and policies, including NMSA 1978, § 29-19-4(A)(1). In that capacity, King is presently enforcing the laws, customs, practices and policies complained of in this action, and is sued in his official capacity." [Doc. 34 at 2] However, "courts are reluctant to treat opinions and legal conclusions as judicial admissions." Z.J. Gifts D-4, LLC v. City of Littleton, 311 F.3d 1220, 1233 (10th Cir. 2002), reversed on other grounds, 541 U.S. 774 (2004). "A matter as important as the constitutionality of a state statute should not be decided on the basis of an advocate's concession . . ." Id. (internal quotation marks and citation omitted). Additionally, "[f]ederal subject matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts." Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1022 (10th Cir. 2012). Accordingly, the admissions in Defendant King's answer fail to establish standing.

**IT IS THEREFORE HEREBY ORDERED** that *Defendant Gary King's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and For Lack of Standing*. [Doc. 28] is **GRANTED**.

**SO ORDERED** this 30th day of March, 2013 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge